IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN MILLER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

OPINION AND ORDER

12-cv-599-wmc
11-cr-34-wmc

The defendant, John Miller, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel at his trial before this court in Case No. 11-cr-34. The government has filed a response, arguing that Miller is not entitled to relief; Miller has not filed a reply, and Miller's time to do so has since expired. Because Miller fails to establish that his counsel's performance was deficient or that he is otherwise entitled to relief, his motion will be denied.

BACKGROUND

Miller has been convicted in two separate cases of violating 18 U.S.C. § 115(a)(1)(B), each time for threatening a federal judge with kidnapping or murder with intent to retaliate "on account of performance of [their] official duties[.]" In *United States v. Miller*, Case No. 08-cr-84 (E.D. Wis.), Miller was convicted of (1) threatening to murder the federal bankruptcy judge who presided over his bankruptcy proceeding and (2) using an instrument of interstate commerce to threaten to blow up a federal courthouse. Sitting by special

1

designation in the Eastern District of Wisconsin, a federal district judge sentenced Miller to serve 40 months' imprisonment for those crimes to be followed by a three-year term of supervised release in that case. Miller was released from prison to a Milwaukee half-way house in November 2010, but returned to a secure facility soon after for traveling into the Western District of Wisconsin and making new threats against the federal judge who sentenced him in Case No. 08-cr-84 in the Eastern District.

On March 23, 2011, a grand jury in this district returned an indictment against Miller, charging him with two counts of threatening to kidnap and murder with intent to retaliate against a federal district judge for performing his official duties. This court granted Miller's pretrial motion to dismiss count two of that indictment. On May 25, 2011, the government filed a superseding indictment against Miller, jettisoning the dismissed charges lodged formerly in count two. On June 23, 2011, a jury found Miller guilty as charged in the superseding indictment.

On September 7, 2011, this court sentenced Miller to serve 12 months and one day in prison, followed by a three-year term of supervised release to run concurrently with the term of supervised release imposed previously by the Eastern District in Case No. 08-cr-84. Miller did not pursue an appeal. On March 21, 2012, Miller discharged his prison sentence and commenced to serve his term of supervised release.[1]

---

[1] On August 6, 2012, the probation department filed a motion to revoke Miller's supervised release, which the court denied in favor of modifying certain conditions. The court modified Miller's conditions of supervision on November 9, 2012. After Miller continued violating the conditions as modified, the court revoked his supervised release following a hearing on April 16, 2013 and sentenced Miller to an additional 10 months' imprisonment, followed by a 12-month term of supervised release. Miller has filed an appeal from the revocation. Meanwhile, his

On August 16, 2012, Miller filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel at his trial. Construed generously, Miller alleges that his trial attorney (Federal Public Defender Michael Lieberman) was deficient because he (1) failed to object to delay or otherwise ensure that Miller received a speedy trial as guaranteed by the Sixth Amendment; (2) submitted incorrect jury instructions on the definitions of "threat" and "intent"; (3) argued incorrectly that a "true threat" was not a required element of the charged offense; and (4) failed to object or propose an adequate response to a question posed by the jury during deliberation.

As an initial matter, the government argues that the court need not consider Miller's motion because it is "moot." Alternatively, the government argues that Miller's motion should be denied because he does not establish a valid claim for relief.

OPINION

**I. Mootness**

The government contends that Miller's motion is moot because his sentence of imprisonment is discharged and his term of supervised release is concurrent with the one he received in Case No. 08-cr-84. Reasoning that the sentence imposed in Case No. 08-cr-84 is no longer open to challenge and, therefore, presumptively valid, the government suggests that there is nothing for this court to remedy. While the government cites no authority in support of its contention, the court understands the argument to be based on the

---

projected release from prison is set for November 29, 2013.

"concurrent-sentence doctrine."

The concurrent-sentence doctrine essentially allows a reviewing court "to pretermit a decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects." *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012); *see also Evans v. United States*, 387 F.2d 160, 162 (3rd Cir. 1967) (noting "the general rule that a prisoner serving concurrent sentences under separate convictions must allege the invalidity of all the convictions under which he is confined, in seeking release on habeas corpus"). Because Miller does not dispute that he remains subject to supervised release by virtue of his separate, earlier conviction in the Eastern District, the government may be technically correct that his motion attacking his later conviction is doomed by the concurrent-sentence doctrine. Nevertheless, there is no way to determine the potential consequences of Miller's second conviction for threatening a federal judge. Accordingly, the court will briefly consider Miller's contention that he was denied effective assistance of counsel at his trial.

II. **Miller's Claims do not Merit Relief under 28 U.S.C. § 2255**

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). To obtain relief under § 2255, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

4

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack." 28 U.S.C. § 2255. In other words, relief under § 2255 is appropriate only where a defendant establishes "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

In this instance, Miller maintains that he is entitled to relief because he was denied effective assistance of counsel at his trial. To demonstrate a violation of the right to effective assistance of counsel, which is guaranteed by the Sixth Amendment to the United States Constitution, a defendant must demonstrate: (1) deficient performance by counsel that falls "below an objective standard of reasonableness"; and (2) actual prejudice as a result of the counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (relief is available under § 2255 only when counsel's performance "was objectively deficient -- in other words, that it fell outside the wide range of competent representation -- and that [the defendant] was prejudiced by the subpar representation").

To satisfy the first element of the *Strickland* test, a defendant must direct the court to specific acts or omissions by his counsel. *See Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (citing *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009)). This requires the reviewing court to consider whether, in light of all the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id*. On

collateral review, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. Further, counsel's performance is to be evaluated in light of the discretion properly accorded an attorney to develop appropriate trial strategies according to the attorney's independent judgment, given the facts of the case, at least some of which may not be reflected in the trial record. *See id.* at 689-90. Thus, courts are admonished not to become "Monday morning quarterback[s]" in evaluating counsel's performance. *Blake*, 723 F.3d at 879 (quoting *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)).

To satisfy the second prong of the *Strickland* test, a defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Id*. at 435 (citing *Strickland*, 466 U.S. at 694). As discussed further below, Miller can meet neither of the *Strickland* standards.

### A. Failure to Object to a Speedy-Trial Violation

Miller contends that his defense attorney was deficient because he failed to raise an issue or object to violations of his Sixth Amendment right to a speedy trial. *See* U.S. Const.

amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"). In considering whether a Sixth Amendment violation occurred, courts typically apply a four-part test, asking "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). To trigger this analysis, however, a defendant must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay[.]" *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972)). The Seventh Circuit has recognized "delays approaching one year to be presumptively prejudicial." *United States v. White*, 443 F.3d 582, 589-90 (7th Cir. 2006) (citing *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000)).

The grand jury returned its original indictment against Miller in this case on March 23, 2011, and his trial started as originally scheduled on June 20, 2011. In other words, there was virtually *no* delay, much less delay of the sort that is considered presumptively prejudicial for purposes of establishing a violation of the Sixth Amendment speedy-trial right.[2] Without a valid basis to object, his counsel cannot be faulted for failing to raise this issue; counsel is not deficient for failing to raise a frivolous argument or objection. *See, e.g., Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (explaining that a defense attorney "has 'no duty to

---

[2] In addition to the Sixth Amendment guarantee, the Speedy Trial Act requires that trial "commence within seventy days from the filing of . . . the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161. Because the time that Miller's pretrial-motion to dismiss was pending is considered "excludable delay," *see id.* at § 3161(h)(1)(D), Miller cannot demonstrate a violation of the Speedy Trial Act here.

7

make a *frivolous* argument,' . . . and indeed is barred by the rules of professional ethics from doing so") (quoting *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (emphasis in original)). In short, Miller has no grounds to contend that his counsel had any valid objection under the Sixth Amendment right to a speedy trial, much less that he was in any way deficient for failing to raise this issue.

**B. Inadequate Rule 29 Motion**

Miller contends that his counsel was deficient for making an incorrect legal argument when moving for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. Miller contends that his counsel argued - - mistakenly - - that "a true threat is not a required element" of the offense (threatening to kidnap and murder a federal district judge in violation of 18 U.S.C. § 115(a)(1)(B)). Miller appears to argue that his counsel's incorrect argument misled the court and the jury, resulting in a conviction based on insufficient evidence.

Construing Miller's allegation with an overabundance of generosity, the government contends that the statement attributed to defense counsel was, at most, an inadvertent and harmless misstatement, but the record shows that defense counsel understood the correct legal standard and capably argued that the evidence was insufficient to support a finding of guilt. *Trial Tr.*, June 22, 2011, Dkt. # 45, at 67, 68-69. Moreover, the court understood defense counsel's motion and the required elements of the charged offense, concluding that the evidence was sufficient for the jury to make a determination whether or not a true threat was made with intent to retaliate against the judge who presided over his earlier criminal trial.

8

*Id.* at 69. Likewise, the jury was correctly instructed on the elements of the charged offense. *Post Trial Jury Instructions,* Dkt. #40, at 4. Finally, defense counsel argued at length that the jury was required to find that Miller made a true threat to harm the district court that presided over his conviction and sentencing in Case No. 08-cr-84. These facts do not demonstrate deficient performance or actual prejudice as a result of his counsel's argument. Quite to the contrary, Miller was ably represented at trial. It follows that Miller also fails to establish an ineffective-assistance claim on this basis.

### C. Submitting an Incorrect Jury Instruction

Miller contends that his counsel was also deficient because this court did not adopt his proposed jury instruction on what constitutes "a threat, or intent to retaliate," as used in *United States v. Fenton*, 30 F. Supp. 2d 520 (W.D. Pa. 1998). However, the *Fenton* case concerns a motion for judgment of acquittal under Fed. R. Crim. P. 29, and does not mention a jury instruction. Miller does not otherwise show that the jury was instructed incorrectly.

The record shows that the court adopted the following instruction on the definition of a true threat for purposes of 18 U.S.C. § 115(a)(1)(B):

> In order to satisfy its burden of proof that defendant's statements were a "**true threat**," the government must prove that the defendant made the statements in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom it was made as a serious expression of an intention to kidnap Judge Reinhard or to murder Judge Reinhard. Proof that the defendant's statements were idle or careless talk, exaggeration, or something said in a careless manner is not sufficient.
> For the defendant's statements to constitute a true threat, it is not necessary that the defendant actually intended to kidnap or to murder Judge

> Reinhard, or that he had the capacity to do so, and it is not necessary that the defendant communicated his statement to Judge Reinhard or to anyone in the federal court system or the federal government.

*Post Trial Jury Instructions*, Dkt. # 45, at 5-6.

This instruction, which is based on governing precedent from the Seventh Circuit in *United States v. Saunders*, 166 F.3d 906, 912 (7th Cir. 1999), was proposed by defense counsel. *See Defendant's Response to Court's Proposed . . . Jury Instructions*, Dkt. # 24, at 2. Accordingly, Miller cannot demonstrate that the instruction was incorrect or misleading in any way. Likewise, he does not show that his counsel was deficient for failing to propose an instruction based on *Fenton* or that he suffered prejudice as a result. Therefore, Miller fails to establish a valid claim for ineffective assistance of counsel concerning the jury instructions.

### D. Failure to Object — Jury Note

Finally, Miller contends that his defense counsel was deficient in failing to object to the court's proposed response to a question posed by the jury during deliberation. The jury sent out a note asking for the definition of "retaliate" or "intent to retaliate" within the meaning of 18 U.S.C. § 115(a)(1)(B). Having previously agreed that the term retaliate needed no definition in the jury instructions, *see* dkt. # 45 at 138-40, the parties recommended no further definition and the court agreed that none was necessary. *Id.* The jury was told to apply the ordinary meaning.

Miller maintains that his attorney should have objected, at a minimum, or filed a motion to "stop[] the trial." Even now, however, Miller does not propose a definition for the

term retaliate or show that one was required, much less establish that the outcome of the trial would have been any different.  Since Miller does not show that the instructions as a whole failed to address the issues fairly and adequately such that a supplemental instruction was needed for clarification, *see United States v. Danford*, 435 F.3d 682, 688 (7th Cir. 2006), he has not demonstrated that his attorney's failure to object or seek a mistrial was deficient.  Absent such a showing and proof that he suffered prejudice as a result, Miller wholly fails to establish a violation of his Sixth Amendment right to the effective assistance of counsel.

III. **Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when entering a final order adverse to the applicant.  A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the applicant must show not only that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although Rule 11 allows the court to direct the parties to submit arguments on the possible issuance of a certificate of appealability, it is unnecessary to do so in this instance. For the reasons stated above, the court concludes that no reasonable jurist would debate whether a different result was required. For this reason, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. The defendant John J. Miller's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 (dkt. # 79) is DENIED.

2. A certificate of appealability is DENIED. Miller may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 22nd day of November, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge